**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

TARGUS INTERNATIONAL LLC, a
Delaware limited liability company,

      Plaintiff,

vs.

**DEMAND FOR JURY TRIAL**

GROUP III INTERNATIONAL, INC., a
Florida corporation,

      Defendant.                    /

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Targus International LLC ("Targus" or "Plaintiff"), by and through its undersigned attorneys, for its complaint for patent infringement against Defendant Group III International, Inc. ("Defendant"), alleges as follows:

**I. THE PARTIES**

1. Plaintiff Targus International LLC is a Delaware limited liability company, with its principal place of business at 1211 N. Miller Street, Anaheim, California 92806.

2. On information and belief, Defendant Group III International, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 2981 W. McNab Rd., Pompano Beach, Florida 33069, and operates and owns the website located at www.swissgear.com.

**II. JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

4. The Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

5.     The Court has personal jurisdiction over Defendant because: (1) Defendant is incorporated in Florida and has its principal place of business in this District;  (2) Defendant regularly and continuously conducts business in this District and throughout Florida, including by providing, selling, and offering to sell products, including the Accused Products described below, to residents of this District; and (3) Defendant has committed, and continues to commit, acts of patent infringement in this District and throughout this State.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because Defendant resides in this District, has a regular and established place of business in this District, and has committed acts of infringement in this District.

### III.  FACTUAL BACKGROUND

#### The '578 Patent

7.     For more than three decades, the Targus group of companies, headquartered in Anaheim, has been internationally recognized as an innovative creator and distributor of quality laptop bags and cases.  Targus has developed and introduced highly successful laptop bags and cases, including "checkpoint friendly" laptop bags and cases designed to allow travelers to pass through security checkpoints without removing their laptops from the case.  For example, Targus offers numerous travel briefcases and backpacks that are checkpoint friendly, including the Checkpoint-Friendly Air Traveler Backpack (model TBB012US), Corporate Traveler Briefcases (model CUCT02UA15S, CUCT02UA14S), Spruce™ EcoSmart® Checkpoint-Friendly Backpacks (model TBB013US, TBB019US), Revolution Checkpoint-Friendly Backpacks (model TEB005US, TEB012US), Mobile ViP Checkpoint-Friendly Backpack (model PSB862), Blacktop Deluxe Checkpoint-Friendly Briefcase (model TBT275), and many others.  Targus and Defendant are competitors in the market for checkpoint friendly bags, backpacks, and cases.  Targus has successfully obtained patent protection for its innovations.

8.     Targus is the legal owner by assignment of U.S. Patent No. 8,567,578 entitled "Portable Computer Case" ("the '578 patent"), which the U.S. Patent and Trademark Office

lawfully and duly issued on October 29, 2013. A true and correct copy of the '578 patent is attached hereto as Exhibit A.  The '578 patent relates to "checkpoint-friendly" bags and cases.

9. Targus has complied with the provisions of 35 U.S.C. § 287, for example, by selling checkpoint friendly travel products with packaging listing the '578 patent and/or referring consumers to its website, which lists the '578 patent as covering its checkpoint friendly products.

## Defendant's Infringing Products

10. Defendant markets or has marketed numerous products as checkpoint friendly, including those shown in the chart below and others that contain the same claimed features as those listed below, that infringe the claims of the '578 patent ("Accused Products").  The Accused Products are non-limiting examples identified based on publicly available information.

| Accused Product Name |
| :---: |
| SwissGear 1270 ScanSmart Laptop Backpack |
| SwissGear 1696 ScanSmart Laptop Backpack |
| SwissGear 1753 ScanSmart Laptop Backpack |
| SwissGear Travel Gear 1900 ScanSmart TSA Laptop Backpack |
| SwissGear 2700 USB ScanSmart Laptop Backpack |
| SwissGear 2700 USB ScanSmart Laptop Backpack With LED Light |
| SwissGear 2739 LED ScanSmart Laptop Backpack |
| SwissGear 2762 ScanSmart Laptop Backpack |
| SwissGear 3670 ScanSmart Laptop Backpack |
| SwissGear 5312 ScanSmart Laptop Backpack |
| SwissGear 5709 ScanSmart Laptop Backpack |
| SwissGear 5888 ScanSmart Laptop Backpack |
| SwissGear 5902 ScanSmart Laptop Backpack |
| SwissGear 5977 ScanSmart Laptop Backpack |
| SwissGear 6392 ScanSmart Laptop Backpack |
| SwissGear 6393 ScanSmart Laptop Backpack |
| SwissGear 6752 ScanSmart Laptop Backpack |
| SwissGear 6752 ScanSmart Laptop Backpack – Special Edition |

11. As just one non-limiting example, a description of how Defendant's representative checkpoint friendly SwissGear 5888 ScanSmart Laptop Backpack infringes exemplary claim 17 of the '578 patent is set forth below. Claim language is indicated by *italics*. This description is based on publicly available information, and the exemplary infringement description is not exhaustive of the ways in which the SwissGear 5888 ScanSmart Laptop Backpack infringes claim 17 or of the claims that it infringes.

*Claim 17 preamble - A bi-fold computer case to allow for convenient security screening of a computer disposed therein, the bi-fold computer case having a folded and an unfolded configuration, the bi-fold computer case comprising:*


UNFOLDED CONFIGURATION


FOLDED CONFIGURATION

*Claim 17[a] – a first storage section comprising a first outer side, a first inner side, a first proximal end, and a first distal end opposite the first proximal end, the first outer side, first inner side, first proximal end, and first distal end defining a first pouch with a first pouch opening and a first pouch fastener coupled to the first pouch opening and configured to only secure the first pouch opening, wherein the first outer and inner sides are configured to enable a scanning device*

-4-

*to scan through the first outer and inner sides and scan an interior of the first pouch, wherein the first storage section further comprises a third pouch coupled to the first outer side, the third pouch including a third pouch opening, independent of the first pouch opening, and a third fastener to only secure the third pouch opening;*





*Claim 17[b] - a second storage section comprising a second outer side, a second inner side, a second proximal end, and a second distal end opposite the second proximal end, the second section comprising a second pouch configured to receive a computer, the second storage section configured without an additional pouch, wherein the second storage section and the second outer and inner sides are configured to enable a scanning device to scan through the second outer and inner sides and scan an interior of the second pouch and a computer disposed therein, the second storage section foldably joined at the second proximal end to the first proximal end of the first storage section such that the first and second proximal ends are coupled adjacent one another, the first and second proximal ends forming a hinge configured to enable a scanning device to scan through the hinge,*



*Claim 17[c, d] – wherein in the folded configuration, the first inner side is approximated to the second inner side, and*

*wherein the first and second distal ends are disposed adjacent one another in the folded configuration and separated from one another in the unfolded configuration;*



*Claim 17[e] – a fastener to selectively maintain the computer case in the folded configuration,*



*Claim 17[f] - wherein in the unfolded configuration with the outer sides of both the first and second storage sections laid flat upon a same planar surface, an object in the first storage section is removed from interfering with a scanner positioned above and below the second storage section to enable uninhibited scanning of a computer in the second pouch of the second storage section.*



12. On information and belief, Defendant makes, uses, sells, offers for sale, and/or imports the Accused Products. SwissGear's website at swissgear.com identifies Defendant as the licensee for SwissGear bags, cases, and backpacks listed on its website: "SWISSGEAR® IS A REGISTERED TRADEMARK AND USED UNDER LICENSE BY GROUP III INTERNATIONAL, INC. POMPANO BEACH." One or more of the Accused Products lists Defendant as providing a limited warranty for these products.

13. On information and belief, Defendant has infringed, is currently infringing, and/or unless enjoined will continue to infringe, various claims of the '578 patent in this District and elsewhere in the United States by making, using, selling, offering for sale and/or importing the Accused Products.

14. On information and belief, Defendant sells and has sold the Accused Products directly to consumers via its Internet website, swissgear.com, and through various third-party distributors including, for example, amazon.com, samsclub.com, and walmart.com.

**Defendant's Willful Infringement**

15. Defendant was aware of the '578 patent at least by March 23, 2020 when Targus sent a letter to Defendant notifying it that Defendant's "checkpoint friendly" products infringed the '578 patent and requesting a prompt response. The March 23, 2020 letter specifically identified the following SwissGear "checkpoint friendly" products named in this Complaint as infringing the '578 patent: SwissGear 1270 ScanSmart Laptop Backpack, SwissGear 1696 ScanSmart Laptop Backpack, SwissGear 1753 ScanSmart Laptop Backpack, SwissGear Travel Gear 1900 ScanSmart TSA Laptop Backpack, SwissGear 2700 USB ScanSmart Laptop Backpack, SwissGear 2700 USB ScanSmart Laptop Backpack With LED Light, SwissGear 2739 LED ScanSmart Laptop Backpack, SwissGear 2762 ScanSmart Laptop Backpack, SwissGear 3670 ScanSmart Laptop Backpack, SwissGear 5312 ScanSmart Laptop Backpack, SwissGear 5709 ScanSmart Laptop Backpack, SwissGear 5888 ScanSmart Laptop Backpack, SwissGear 5902 ScanSmart Laptop Backpack, SwissGear 5977 ScanSmart Laptop Backpack, SwissGear 6392 ScanSmart Laptop Backpack, SwissGear 6393 ScanSmart Laptop Backpack, SwissGear 6752 ScanSmart Laptop

Backpack, and SwissGear 6752 ScanSmart Laptop Backpack – Special Edition.  To date, Defendant has not responded.  Despite its actual knowledge of the '578 patent and its infringement since at least March 2020, Defendant nonetheless kept its products on the market and has continued to willfully and deliberately infringe the '578 patent, and encouraged others, including its distributors, to infringe.  Defendant's conduct was egregious in the face of its actual notice of the '578 patent, especially considering Defendant's conduct showed a disregard for Targus' patent rights as a direct competitor.

## IV.  **FIRST CAUSE OF ACTION**

### (Infringement of U.S. Patent No. 8,567,578)

16. Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1-15 of this Complaint as if fully set forth herein.

17. Defendant has directly infringed and is directly infringing, either literally or under the doctrine of equivalents, the '578 patent under 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering for sale, and/or importing into the United States the Accused Products, that infringe at least claims 17, 18, and 42 of the '578 patent.  Defendant has directly infringed and is directly infringing at least claim 42 by making, using, selling, offering for sale, and/or importing into the United States the Accused Products that are made by a patented process under 35 U.S.C. § 271(g).

18. On information and belief, Defendant has induced infringement and continues to induce infringement of one or more claims of the '578 patent by its distributors.  Defendant had actual knowledge of the '578 patent and its applicability to its products, and nonetheless intentionally actively induced direct infringement by third parties, including its distributors of the Accused Products, and knew or should have known that these third parties would directly infringe one or more of the claims of the '578 patent.  Defendant has and continues to actively induce third parties, including its distributors, of the Accused Products, to make, use, sell, offer for sale, and/or import into the United States the Accused Products in violation of 35 U.S.C. § 271(b).  For example, on information and belief, Defendant encouraged and instructed its distributors to sell or offer for sale the Accused Products in the United States that directly infringe at least claims 17,

18, and 42 of the '578 patent, and to sell or offer for sale the Accused Products that are made by a patented process that infringes at least claim 42.

19. Targus has sustained and will continue to sustain damages as a result of Defendant's infringement of the '578 patent.

20. Targus is entitled to recover damages sustained as a result of Defendant's infringement in an amount to be proven at trial.

21. Unless Defendant is enjoined, Targus has also suffered and will continue to suffer irreparable injury for which Targus has no adequate remedy at law.

22. Defendant has willfully infringed and continues to willfully infringe the '578 patent despite its pre-suit, actual knowledge of the '578 patent.

## V. PRAYER FOR RELIEF

WHEREFORE, Targus prays for the following relief:

A. A judgment in favor of Targus that Defendant has directly and/or indirectly infringed one or more claims of the '578 patent under 35 U.S.C. § 271;

B. A judgment and order requiring Defendant to pay Targus damages adequate to compensate it for Defendant's infringement of the '578 patent, in an amount reflecting its lost profits or not less than a reasonable royalty, and including supplemental damages for any continuing post-verdict infringement up until the entry of judgment, with an accounting, as needed, pre-judgment and post-judgment interest, and costs pursuant to 35 U.S.C. § 284;

C. A judgment in favor of Targus that Defendant's infringement of the '578 patent has been willful, and awarding Targus enhanced damages under 35 U.S.C. § 284;

D. A judgment in favor of Targus that this case is exceptional under 35 U.S.C. § 285 and awarding Targus its attorney's fees;

E. A permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and those persons in active concert or participation with them, from infringing the '578 patent in violation of 35 U.S.C. § 271; and

F. Further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Targus International LLC hereby demands a trial by jury on all issues so triable.

Dated:  April 2, 2020 Respectfully submitted,

HOMER BONNER JACOBS ORTIZ, PA
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
Tel: (305) 350-5100
Fax: (305) 372-2738


By: /s/Kevin P. Jacobs
Kevin P. Jacobs
E-Mail: kjacobs@homerbonner.com
Florida Bar No. 169821
Brian Lechich
E-Mail: blechich@homerbonner.com
Florida Bar No. 84419

- and -

ARMOND WILSON LLP

Michelle E. Armond (*pro hac vice* pending)
E-Mail: michelle.armond@armondwilson.com
Forrest M. McClellen (*pro hac vice* pending)
E-Mail: forrest.mcclellen@armondwilson.com
ARMOND WILSON LLP
895 Dove Street, Suite 300
Newport Beach, CA 92660
Phone: (949) 932-0778
Facsimile: (512) 345-2924

Douglas R. Wilson (*pro hac vice* pending)
E-Mail: doug.wilson@armondwilson.com
ARMOND WILSON LLP
9442 Capital of Texas Highway North
Plaza One, Suite 500
Austin, Texas 78759
Phone: (512) 267-1663
Facsimile: (512) 345-2924

Attorneys for Plaintiff
TARGUS INTERNATIONAL LLC