United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Targus International LLC, Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 20-21435-Civ-Scola |
| Group III International, Inc., Defendant. | ) ) ) | |

### Order Denying Motion to Dismiss

Plaintiff Targus International LLC complains Group III International, Inc., has infringed its patent which protects innovations related to its line of "checkpoint-friendly" laptop bags and cases. (Compl., ECF No. 1.) Group III has filed a motion to dismiss Targus's complaint, arguing (1) Targus fails to state a claim for induced infringement and (2) Targus's complaint is a shotgun pleading. (Def.'s Mot., ECF No. 21.) Targus opposes the motion, submitting (1) Targus has supplied facts sufficient to support a claim for induced infringement and (2) the complaint sufficiently puts Group III on notice of Targus's claims. (Pl.'s Resp., ECF No. 23.) Group III has timely replied in support of its motion. (Def.'s Reply, ECF No. 26.) After careful review, the Court **denies** Group III's motion (**ECF No. 21**).

1. **Background**[1]

Targus, an internationally recognized creator and distributor of innovative and quality laptop bags and cases, owns United States Patent No. 8,567,578 (the "'578 Patent"). The '578 Patent relates to checkpoint-friendly travel briefcases and backpacks. It appears the patented products allow uninhibited security scanning of a computer, for example, without the computer's having to be removed from the bag.

Group III sells at least eighteen infringing products, all branded "SwissGear." The website swissgear.com identifies Group III as the licensee for SwissGear bags, cases, and backpacks. Some of the products list Group III as providing a limited warranty for the items. In addition to selling SwissGear bags through the swissgear.com website, Group III also instructs various third-party distributors—including amazon.com, samsclub.com, and walmart.com—to sell the bags through their websites, as well.

---

[1] The Court accepts the Plaintiff's factual allegations as true for the purposes of evaluating the Defendant's motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Targus sent a letter to Group III on March 23, 2020, notifying it that its "checkpoint-friendly" products infringed the '578 Patent. Targus's letter specifically identified eighteen different infringing products. Group III did not respond to the letter and continues to sell and market the accused products.

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Id.* at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

To begin with, the parties seem to agree on the relevant requirements for pleading an induced-infringement claim: a patentee much show that the infringer knowingly induced a third party's infringement and possessed the specific intent to encourage the infringement. (*See* Def.'s Mot. at 9 (quoting *Kyocera Wireless Corp. v. Int'l Trade Com'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008)); Pl.'s Resp. at 5 (quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015)).) Where the parties diverge, here, is whether Targus meets this standard in pleading its claim.

Group III argues Targus's complaint is deficient for two reasons: Targus fails to allege (1) when Group III became aware of the '578 Patent; and (2) that Group III acted with the specific affirmative intent to cause the "unnamed distributors" to infringe the referenced claims. (Def.'s Mot at 9–10.) In support of these points, Group III characterizes Targus's induced-infringement allegations as being limited only to its charge that Group III "encouraged and instructed its distributors to sell or offer for sale the Accused Products in the United States that directly infringe at least claims 17, 18, and 42 of the '578 patent, and to sell or offer for sale the Accused Products that are made by a patented process that infringes at least claim 42." (*Id.* (quoting Compl. ¶ 18).) Group III's argument, that Targus has not alleged when Group III became aware of its patent, overlooks Targus's specific allegation that "Defendant was aware of the '578 patent at least by March 23, 2020[,] when Targus sent a letter to Defendant notifying it that Defendant's 'checkpoint friendly' products infringed the '578 patent." (Compl. ¶ 15.) The Court readily concludes Group III's receipt of the letter is a fact showing exactly when Group III became of aware of the '578 Patent and therefore finds no merit to Group III's first argument. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1380 (Fed. Cir. 2005) (finding an accused infringer "knew of the existence of the . . . patent because it received a letter concerning it.")

Group III's second argument—that Targus does not adequately allege Group III acted with specific intent to cause infringement—also misses the mark as it, too, glosses over pertinent allegations set forth elsewhere in the complaint. While the Court acknowledges the complaint's allegations are, indeed, thin, they nonetheless manage to suffice. First, Targus identifies at least three third-party distributors: amazon.com, samsclub.com, and walmart.com. (Compl. ¶ 14.) Targus then also alleges Group III "instructed its distributors to sell or offer for sale the Accused Products in the United States." (*Id.* ¶ 18.) And, finally, Targus alleges the infringing products have in fact been sold through the named distributors. (*Id.* ¶ 14.) This goes beyond, as Group II describes it, "mere allegations that the conduct of Group III . . . resulted in the

direct infringement . . . by third[]parties." (Def.'s Mot. at 10.) Instead, these allegations show, although just barely, Group III actively sought to encourage its distributors to infringe the '578 Patent. Accordingly, Group III has not carried its burden in persuading the Court of the complaint's insufficiency. *See Glob. Tech LED, LLC v. Every Watt Matters, LLC*, 15-CV-61933, 2016 WL 8739321, at *6–7 (S.D. Fla. Aug. 1, 2016) (Bloom, J.) (finding patentee had alleged sufficient facts to state a claim for induced infringement "[b]y asserting that [the d]efendants had knowledge of the . . . [p]atent, actively disseminated infringing products to retailers, distributors, and users, and that those third parties then resold or used those infringing products").

Next, Group III maintains Targus's complaint is a shotgun pleading because it lumps both its direct infringement and its induced infringement claims into one count. While the Court agrees Targus's complaint is by no means a model of clarity, it is not, however, so muddled that it is "*virtually impossible* to know which allegations of fact are intended to support which claims for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015) (cleaned up)[2] (emphasis in the original). And while Targus should not have combined these two claims into one count, the two claims are at least separated into different paragraphs and the allegations are, as shown by the analysis above, ultimately, "informative enough to permit a court to readily determine if they state a claim upon which relief may be granted." *Id.* at 1326. Further, because these are the only two counts, or claims, in the complaint, the Court does not find much would be gained by ordering Targus to replead.

### 4. Conclusion

Based on the foregoing, the Court **denies** Group III's motion to dismiss (**ECF No. 21**) and orders Group III to answer the complaint on or before **October 30, 2020**.

**Done and ordered**, at Miami, Florida, on October 22, 2020.

Robert N. Scola, Jr.
United States District Judge

---

[2] The Court uses "(cleaned up)" to indicate internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g., Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).