United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Targus International LLC, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-21435-Civ-Scola |
| | ) |
| Group III International, Inc., Defendant. | ) |

### Order Granting Stay

Plaintiff Targus International LLC complains Defendant Group III International, Inc., has infringed its patent—U.S. Patent No. 8,567,578 (the "'578 Patent")—which protects innovations related to its line of "checkpoint-friendly" laptop bags and cases. (Compl., ECF No. 1.) Now before the Court is Group III's expedited motion to stay these proceedings pending a potential *inter partes* review of the alleged infringed patent. (Def.'s Mot. for Stay, ECF No. 65.) Targus opposes Group III's motion for a stay, arguing that Group III's request is premature and that all of the factors the Court should consider weigh against a stay. (Pl.'s Resp., ECF No. 67.) Group III has timely replied. (Def.'s Reply, ECF No. 69.) After careful review, the Court finds the factors, on balance, tip in favor of the Court's exercising its broad discretion to grant the stay. Accordingly, the Court **grants** Group III's motion to stay this case (**ECF No. 65**).

1. **Legal Standard**

In 2011, Congress passed the Leahy-Smith America Invents Act and, in doing so, introduced a process known as "*inter partes* review" which was intended to serve as "a quick, inexpensive, and reliable alternative to district court litigation to resolve questions of patent validity." S. Rep. No. 110-259, 20 (Jan. 24, 2008). As an alternative to litigation, *inter partes* review allows a party to ask the United States Patent Trial and Appeal Board ("PTAB") "to reexamine the claims in an already-issued patent and to cancel any claim that the agency finds to be unpatentable in light of prior art." *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2136 (2016).

Courts generally enjoy broad discretion in deciding how best to manage the cases before it. *See Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("accord[ing] district courts broad discretion over the management of pre-trial activities, including discovery and scheduling"). It no doubt follows, then, that, when *inter partes* review is sought, "the decision to stay related civil patent infringement litigation is within the sound discretion

of the district court." *Lighting Sci. Group Corp. v. Nicor, Inc.*, 6:16-CV-1087-ORL-37GJK, 2017 WL 3706697, at *2 (M.D. Fla. May 9, 2017). This makes sense because *inter partes* review has the potential to "eliminate trial of invalidity issues when a claim is canceled or, otherwise facilitate trial of remaining issues following PTO denial of reexamination or reissuance proceedings." *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1346 (S.D. Fla. 2008) (Torres, Mag. J.). Stays pending such reviews are granted routinely "in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." *See Evolutionary Intelligence, LLC v. Apple, Inc.*, No. 13cv04201, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014).

### 2. Discussion

As a preliminary matter, while the Court acknowledges courts often deny stays when they are sought *before* the PTAB has decided to institute review, this is not the bright-line rule Targus makes it out to be. (*See* Pl.'s Resp. at 4 (describing the Southern and Middle Districts of Florida as "routinely den[ying] stays" before the Patent Board institutes review).) Instead, the Court agrees with those courts that find whether the PTAB has decided to institute review at the time the stay is sought is simply part of the Court's analysis of the relevant factors. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315–16 (Fed. Cir. 2014) ("While a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted."). That the PTAB has not yet made a decision on whether to institute review, then, is not dispositive here.

Instead, the Court looks to the three factors courts typically consider in determining the appropriateness of a stay pending *inter partes* review: (1) whether the stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether the stay will simplify issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Roblor*, 633 F. Supp. 2d at 1347.

As to the first factor, the Court recognizes that Group III is a direct competitor of Targus. Accordingly, as courts often recognize and as Targus points out, there will undoubtedly be some unavoidable prejudice to Targus if the case is stayed. *See Gatearm Techs., Inc. v. Access Masters, LLC*, 14-62697-CIV, 2015 WL 13752667, at *1 (S.D. Fla. July 13, 2015) (Scola, J.). But, here, Targus has not sought a preliminary injunction and, thus, any further harm occasioned by the stay may be ameliorated money damages. *See id.*; *see also Andersons, Inc. v. Enviro Granulation, LLC*, 8:13-CV-3004-T-33MAP, 2014 WL 4059886, at *3 (M.D. Fla. Aug. 14, 2014) (noting, in addressing a similar

argument, that the plaintiff had "not sought a preliminary injunction and that any damages it incurs may be remediated with money damages").

Further, contrary to Targus's position, "standing alone, the potential for litigation delay does not establish **undue** prejudice." *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, 3:15-CV-742-J-32MCR, 2016 WL 4431574, at *2 (M.D. Fla. Aug. 22, 2016) (emphasis in original). The Court finds, in this case, such a delay is outweighed by the many recognized potential advantages of *inter partes* review: "(1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties." *Patent Asset*, 2016 WL 4431574, at *3. This is especially so where, as here, Targus acknowledges waiting seven years after its patent issued before pursuing litigation against Group III.

On the whole then, the Court finds Targus has not rebutted Group III's showing that a stay will not unduly burden Targus and, therefore, the first factor tips in favor of a stay.

As to the second factor, the Court again agrees with Group III. Even if only some of the claims are canceled, those claims will not need to be litigated in this action, which will save the parties from spending more time conducting discovery, researching, and briefing the issues. And any streamlining of the issues or invalidated issues will save judicial resources. This factor, then, also leans in favor of a stay.

Finally, as to the third factor, this case is not so far along that a stay would be senseless. Although the parties have engaged in written discovery and exchanged infringement, noninfringement, invalidity, and unenforceability contentions, no depositions—fact or expert—have been taken, and the claim construction briefing is in its infancy. No hearing has been scheduled for claim construction and nearly four months of fact discovery remain. If anything, this factor may weigh marginally in Targus's favor or is perhaps only neutral.

In sum, the Court finds that a stay may prevent unnecessary expenditure of substantial resources and that, should the PTAB render a final decision on the *inter partes* review, it will help streamline this case and, at a minimum, allow the parties to more effectively focus their claims. *See Intellectual Ventures I, LLC v. Motorola Mobility LLC*, 13-61358-CIV, 2014 WL 12584301, at *2 (S.D. Fla. July 17, 2014) (Middlebrooks).

### 3. Conclusion

Accordingly, the Court **grants** Group III's expedited motion for a stay (**ECF No. 65**) and **stays** this case pending resolution of the *inter partes* review.

The Clerk is directed to administratively **close** this case. The parties must jointly submit a motion to reopen this case, along with a proposed amended scheduling order, within **ten days** after completion of the *inter partes* review. Any other pending motions are **denied** as moot[1] and may be renewed when the case is reopened. Once the PTAB decides whether to institute *inter partes* review of the '578 Patent, Group III must promptly notify the Court.

**Done and ordered**, at Miami, Florida, on January 7, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] As an aside, the Court notes the parties' request for clarification as to the opening claim-construction brief. (Pl.'s Mot., ECF No. 64; Def.'s Resp., ECF No. 68.) While simultaneous briefing of opening claims-construction may have been permitted in other cases, the Court's general practice is that only the party claiming infringement may (and must) file an opening claim-construction brief. When or if this case proceeds before the Court, this will be clarified in an amended scheduling order. Briefing will proceed under the standard timing allowed for motions generally under the Local Rules.