United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Targus International LLC, Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 20-21435-Civ-Scola ) |
| Group III International, Inc., Defendant. | ) ) ) |

### Order Granting Motion to Reopen Case

Plaintiff Targus International LLC complains Defendant Group III International, Inc., has infringed its patent—U.S. Patent No. 8,567,578 (the "'578 Patent")—which protects innovations related to its line of "checkpoint-friendly" laptop bags and cases. (Compl., ECF No. 1.) On January 8, 2021, the Court stayed this case pending resolution of an *inter partes* review initiated by Group III before the Patent Trial and Appeal Board. (Stay Order, ECF No. 71, 3–4.) The Board has since issued its final written decision, on June 30, 2022, confirming the validity of all forty of the challenged patent claims. As a result, Targus now seek to reopen this case. (Pl.'s Mot., ECF No. 78.) Group III objects to the Court's reopening this matter, complaining (1) the *inter partes* review is not yet complete, pending Group III's appeal of the board's decision, rendering Targus's motion premature; (2) even if Targus's motion is not untimely, it should nonetheless be denied pending the Federal Circuit Court of Appeal's review of the Board's decision. (Def.'s Resp., ECF No. 84.) Targus has timely replied to Group III's opposition. (Pl.'s Reply, ECF No. 85.) After careful review, the Court **grants** Targus's motion to reopen this case. (**ECF No. 78**.)

As an initial matter, to the extent Group III urges the Court to interpret its previous order, granting the stay, to extend beyond *inter partes* review, including appellate review, Group III's efforts miss the mark. The stay order and all the briefing related to it focused on suspending this litigation only with respect to an *inter partes* review. (*E.g.*, Order at 1 (referring to a stay "pending a potential *inter partes* review") (describing the *inter partes* review process and its unique utility as "a quick, inexpensive, and reliable alternative to district court litigation"), 3 (focusing the analysis on how the "many recognized potential advantages of *inter partes* review," specifically, outweigh the harm caused to Targus as a result of the delay), 3–4 (staying the case "pending resolution" and "completion" of the *inter partes* review); Def.'s Mot. to Stay at 5–6, 8–9 (referring only to a stay during the *inter partes* review process, touting the review process's efficiency and ability to lower the burden on the court system); 9 (specifically highlighting the utility of the then "anticipated final written

decision" from the Board); 11 (recognizing this case will only be stayed "pending disposition from the [Board] on the pending [*inter partes* review] petition"); 13 (noting that "the issues in this case will unquestionably be simplified . . . regardless of the outcome of the [*inter partes* review] process"); 15 (referring to the "**short delay** caused by the [*inter partes*] review process") (emphasis added); 16 (recognizing the utility of the "thoughtful guidance" that will necessarily issue "from the experts at the [Board]"); Def.'s Reply in Support of Stay, ECF No. 69, 2–3 (recognizing that even if the Board confirms the patent's validity, the case may then "proceed with the benefit of the US Patent Office's confirmation of validity and claims language analysis related thereto").) Group III's contention, then, that the Court's stay order contemplated not only the *inter partes* review, but also any attendant appeal, is without support.

Relatedly, to the extent Group III seeks to now retroactively extend the stay, the Court is also not persuaded. First, the Court finds Group III's efforts to amount to a bait and switch: if Group III had wanted the stay to extend through any appellate proceedings, reviewing the Board's decision, it should have argued that point when it first sought the stay of this litigation. Raising this entirely foreseeable issue now, simply amounts to an improper attempt to get the Court to reconsider its initial stay decision without setting forth any justification that would actually warrant such a reconsideration.

And, finally, to the extent the Court were to interpret Group III's filing as a new motion, for an additional stay, the Court is unpersuaded. The Court finds that many of the factors that supported a stay during the *inter partes* review do not apply to a stay during Group III's appeal of the decision emerging from that review. Targus claims its patent rights and competitive position continue to be undercut by Group III's infringing activities. While Group III denies this, after such a lengthy stay, it is time for Targus to have its day in court. Many of the benefits that the Court found compelling in its decision to impose the initial stay have already been realized or have been foreclosed—the chances that appellate proceedings will appreciably alter that landscape, while not non-existent, are slim. Ultimately, having evaluated all the relevant factors, the Court concludes it is time for this case to move forward.

For the reasons set forth above, the Court **grants** Targus's motion to the extent it seeks to reopen this case (**ECF No. 78**). Accordingly, the Court directs the Clerk to **reopen** this case.

On the other hand, the Court declines to enter Targus's proposed scheduling order, and instead orders the parties to immediately confer and to thereafter submit a jointly proposed amended scheduling order, on or before **September 19, 2022**. At the same time, the Court denies Group III's request for a scheduling conference. Trial periods commence every two weeks

throughout each year—if the parties happen to propose a trial date that fails to coincide with the start of a trial period, the Court will adjust the proposed trial date accordingly, without the need for a scheduling conference.

**Done and ordered**, at Miami, Florida, on September 12, 2022.

_____
Robert N. Scola, Jr.
United States District Judge