# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21435-Civ-Scola

TARGUS INTERNATIONAL LLC, a
Delaware limited liability company,

      Plaintiff,

vs.

GROUP III INTERNATIONAL, INC., a
Florida corporation,

      Defendant.

_____ /

## PLAINTIFF TARGUS INTERNATIONAL LLC'S
## CONTINGENT MOTION TO EXTEND DEADLINE
## TO ANSWER DEFENDANT'S COUNTERCLAIMS

Plaintiff Targus International LLC ("Targus") respectfully requests an order deeming timely its Answer (ECF No. 109) to Defendant Group III International, Inc.'s ("Group III") counterclaims (ECF No. 45).

Targus originally moved to dismiss the counterclaims on November 19, 2020. (ECF No. 50.) On January 8, 2021, the Court stayed the case pending the IPR proceedings and denied the motion to dismiss as moot and without prejudice to refiling once the case reopened. (ECF No. 71 at 4.) After reopening the case, the Court set October 7, 2022 as the deadline to refile motions that were pending before the stay. (ECF No. 89 at 1.) Because the Patent Office's resolution of the IPR proceedings foreclose Group III's counterclaims but cannot be raised in a motion to dismiss, Targus opted not to refile its motion to dismiss at that time. Instead, 21 days later, Targus answered the counterclaims. (ECF No. 109.)

Six days after that, Group III informed Targus for the first time that its "Answer was untimely." On this basis, Group III sought Targus' position on a motion to strike the Answer and enter default judgment on the counterclaims.

Targus believes its Answer was timely under the unique procedural circumstances presented. Nevertheless, in an abundance of caution, Targus alternatively requests a short extension *nunc pro tunc* until October 28, 2022 to file its Answer. If Group III moves forward on a default judgment, Targus will oppose that as well.

## I. BACKGROUND

Under the Court's amended schedule, the deadline to refile pending motions was October 7, 2022. (ECF No. 89 at 1.) Targus elected not to refile its motion to dismiss the inequitable conduct counterclaim based on the TSA RFI, and 21 days later answered Group III's counterclaims on October 28, 2022. (ECF No. 109.) At no time prior to Targus filing its Answer did Group III notify Targus that Targus had missed any deadline. Even when Targus filed its Answer, Group III did not then notify Targus it believed Targus' Answer was untimely.

On November 2, 2022, Targus notified Group III that it intended to move to strike Group III's October 25, 2022 invalidity contentions for not complying with this Court's orders to narrow them and not expand them.

The next day, Group III asserted for the first time that Targus' Answer was untimely and indicated it would seek to strike it "and will request a Default judgment be entered" unless Targus agreed that Group III may "amend its Counterclaim as a matter of course," and attached a draft "First Amended

2

Counterclaim" that expanded Group III's invalidity and inequitable conduct contentions.

Following exchanges where Group III threatened to seek default judgment, Targus was compelled to bring this Motion.

## II. LEGAL STANDARDS

Federal Rule 6(b)(1) "gives courts discretion to extend time limits 'on motion after the time has expired if the party failed to act because of excusable neglect.'" *Sapphire Int'l Grp., Inc. v. Allianz Global Risks US Ins. Co.*, No. 18-CV-80101-DMM, 2018 WL 8344838, at *2 (S.D. Fla. Sept. 26, 2018) (Middlebrooks, J.) (quoting Fed. R. Civ. P. 6(b)(1)(B)).

"In determining whether to grant a motion to extend deadlines under Rule 6(b)(1)(B), courts must consider: the danger of prejudice to the opposing party; the length of delay and its potential impact on the judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

## III. THE ANSWER WAS TIMELY.

The Court should deem the Answer timely filed. When the Court reopened the case, the amended schedule specified that pending motions be refiled by October 7, 2022. (ECF No. 89 at 1.) Targus opted not to refile its pending motion to dismiss because newly available dispositive arguments that foreclose the counterclaims rely on facts outside the pleadings. The question then is, what was the deadline to file an answer?

Generally, Rule 12(a)(1)(B) requires a party to answer within 21 days after service of a counterclaim. Fed. R. Civ. P. 12(a)(1)(B). Targus, however, opted to move to dismiss the counterclaims. Thus, in the normal course, the deadline to answer the counterclaim would have been "14 days after notice of the court's action" denying the motion. Fed. R. Civ. P. 12(a)(4)(A). Yet, when the Court denied the motion to dismiss without prejudice, it simultaneously stayed the case while noting that Targus would have the opportunity to refile its motions when the stay was lifted. "The practical effect of granting a stay is the modification of the district court's scheduling order as its case management deadlines are put on pause." *Elkins v. Abbvie, Inc.*, No. 6:20-cv-1562-PGB-LRH, 2021 WL 9511264, at *1 (M.D. Fla. Aug. 25, 2021). As a result, the fourteen day deadline did not then apply, and Targus had no obligation to answer the counterclaim by January 22, 2021, because the stay terminated that deadline. *See, e.g., Reisman v. As Cooper City Lessee, LLC*, No. 21-cv-61711, 2022 WL 1521998, at *2 (S.D. Fla. May 13, 2022) (Bloom, J.) ("the Court granted a stay of the case and effectively terminated the deadlines"); *see also* ECF No. 71 at 4 (permitting Targus to refile its motion to dismiss when case reopened).

When the case was reopened, the Court set the deadline to refile motions pending before the stay—including the motion to dismiss—as October 7, 2022. (ECF No. 89 at 1.) With no Federal Rule on point, and where the Court set no specific deadline to answer the counterclaim, Targus reasonably filed that answer within 21 days of that date—on October 28, 2022. ECF No. 109; *cf.* Fed. R. Civ. P. 12(a)(1)(B) (setting 21 day deadline to answer a counterclaim)

4

In short, the Rules and the Court's orders are silent on the deadline to answer the counterclaim once the case was reopened. Under the unique procedural circumstances presented here, Targus' Answer was timely filed after the case was reopened. *See Walker v. United States*, No. 20-11167, 2021 WL 3418563, at *2 (11th Cir. Aug. 5, 2021) (where rules are silent, "district courts generally have 'broad discretion in deciding how best to manage the cases before them,'" and affirming district court).

### IV.   IN THE ALTERNATIVE, THE COURT SHOULD EXTEND TARGUS' DEADLINE TO ANSWER THE COUNTERCLAIMS NUNC PRO TUNC.

Should the Court find that Targus missed a deadline, Targus alternatively requests an enlargement *nunc pro tunc* of its deadline to answer the counterclaim until October 28, 2022. This analysis is governed by Rule 6, and all of the relevant factors favor granting Targus a short extension to file its Answer. *See* Fed. R. Civ. P. 6(b)(1)(B) (enlargement appropriate where "the party failed to act because of excusable neglect").

#### A.   Targus acted in good faith by diligently responding to an ambiguous deadline.

Targus reasonably believed it timely answered, but even if the Court disagrees, the applicable deadline was at best unclear. The amended schedule specified no deadline for Targus to answer. (*See* ECF No. 89 at 1-2.) Nor do the Rules of Civil Procedure under the unique procedural posture presented here. Targus diligently answered Group III's counterclaims, filing its Answer within 21 days of the deadline to file its prior motion to dismiss. (ECF No. 109.) Targus reasonably believed in good faith that its filing was timely under the

5

circumstances presented, given that Rule 12 provides 21 days to answer counterclaims. *See* Fed. R. Civ. P. 12(a)(1)(B). Indeed, Group III did not challenge the timeliness of the Answer until nearly a week after Targus' filing. By diligently responding to an ambiguous deadline, Targus establishes excusable neglect under Rule 6(b)(1)(B). *See, e.g., Spear, Leeds & Kellogg v. Pub. Serv. Co. of N.H.*, 700 F. Supp. 791, 794 (S.D.N.Y. 1988) (diligent response to ambiguous deadline established good cause); *Clements v. Fla. E. Coast Ry.*, 473 F.2d 668, 670 (5th Cir. 1973) (similar).

### B. Group III suffered no prejudice.

The timing of Targus' Answer caused no prejudice to Group III. Group III, in fact, in its first communication indicating an objection to the timeliness of Targus' Answer offered to stipulate to its timeliness in exchange for a wholesale revision of Group III's invalidity and inequitable conduct contentions. Group III's willingness to stipulate to the timeliness of Targus' Answer shows that it suffered no prejudice. Group III's waiting until 6 days *after* Targus filed its Answer to complain also evidences a lack of prejudice.

Group III can hardly claim prejudice with Targus answering three weeks after its deadline to move to dismiss, particularly when it was well aware that Targus disputes these claims and, indeed, will seek sanctions if Group III continues to maintain them.

### C. Targus' Answer did not delay or impact judicial proceedings.

Targus filed its Answer within 21 days of its deadline to refile its motion to dismiss, and just weeks after this case was reopened. The timing of the Answer

6

will not delay this action at all. The case reopened in the midst of fact discovery, and trial is set for 2024. (ECF No. 89 at 1.) Extending the deadline under these circumstances is warranted. *See, e.g.*, *Rance v. Rock Solid Granit USA, Inc.*, No. 08-21639-CIV, 2011 WL 906643, at *1 (S.D. Fla. Feb. 9, 2011), *adopted by* 2011 WL 904830, at *1-2 (S.D. Fla. Mar. 14, 2011) (Middlebrooks, J.) (granting motion for extension *nunc pro tunc* because trial was months away and answer was filed after a "short delay"); *Sapphire Int'l*, 2018 WL 8344838, at *2 (similar).

## V. CONCLUSION

Targus respectfully requests that the Court deem its Answer (ECF No. 109) timely filed, or exercise its discretion and grant Targus a short extension *nunc pro tunc* for the filing.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Before filing this motion, the undersigned conferred with Group III's counsel by phone for half an hour. Opposing counsel requested case law supporting Targus' entitlement to an extension of time and was unable to provide Group III's position on this motion.

Dated: November 8, 2022          Respectfully submitted,

**ARMOND WILSON LLP**

Michelle E. Armond (*pro hac vice*)
michelle.armond@armondwilson.com
Josepher Li (*pro hac vice*)
josepher.li@armondwilson.com
Yue Han (*pro hac vice*)
amy.han@armondwilson.com
ARMOND WILSON LLP
4685 MacArthur Court, Suite 390
Newport Beach, CA 92660
Telephone: (949) 932-0778
Facsimile: (949) 386-1932

Douglas R. Wilson (*pro hac vice*)
doug.wilson@armondwilson.com
ARMOND WILSON LLP
13785 Research Blvd., Suite 125
Austin, Texas 78750
Telephone: (512) 267-1663
Facsimile: (949) 386-1932

By: /s/ *Zach Lipshultz*

**COLSON HICKS EIDSON, P.A.**

Zachary Lipshultz
Florida Bar No. 123594
zach@colson.com
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

*Attorneys for Plaintiff*
*TARGUS INTERNATIONAL LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court. I also certify that the foregoing document is being served this 8 November 2022, on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Zach Lipshultz*
Zachary Lipshultz