United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Targus International LLC, Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 20-21435-Civ-Scola |
| ) | |
| Group III International, Inc., ) | |
| Defendant. ) | |

## Omnibus Order

Plaintiff Targus International LLC complains Defendant Group III International, Inc., has infringed its patent—U.S. Patent No. 8,567,578 (the "'578 Patent")—which protects innovations related to its line of "checkpoint-friendly" laptop bags and cases. (Compl., ECF No. 1.) On January 8, 2021, the Court stayed this case pending resolution of an *inter partes* review initiated by Group III before the Patent Trial and Appeal Board. (Stay Order, ECF No. 71, 3–4.) The Board has since issued its final written decision, on June 30, 2022, confirming the validity of all forty of the challenged patent claims. As a result, the Court reopened this case on September 13, 2022 (ECF No. 87), and thereafter, two weeks later, entered an amended scheduling order (ECF No. 89), based, in large part, on the parties' proposed scheduling framework (ECF No. 88). Restarting this litigation has resulted in a flurry of motion practice, with the parties primarily disagreeing about the posture of the pleadings and the stage of the proceedings upon the reactivation of this case. Before the Court now are three motions: Targus's motion to retroactively extend its deadline to answer Group III's counterclaim (Pl.'s Mot. for Ext., ECF No. 112); Targus's motion to strike Group III's second amended disclosure of invalidity contentions (Pl.'s Mot. to Strike, ECF No. 113); and Group III's motion for leave to amend its counterclaim or, alternatively, to strike Targus's answer as untimely (Def.'s Mot. to Amend, ECF No. 115). All three motions have been fully briefed and are ripe for consideration. After careful review, the Court **grants** Targus's motion for a retroactive extension of time to answer Group III's counterclaim (**ECF No. 112**); **grants, in part**, Targus's motion to strike Group III's second amended disclosure of invalidity contentions (**ECF No. 113**); **denies** Group III's motion to amend or strike (**ECF No. 115**); and **strikes** Group III's amended counterclaim (**ECF No. 114**).

1. **The Court retroactively grants Targus's motion for an extension of time to file its answer.**

   When the Court stayed this case, on January 8, 2021, Targus had a motion to dismiss Group III's counterclaim pending. Simultaneous to the stay, however, the Court denied the motion as moot, advising Targus that the motion could be renewed once or if the case was reopened. (Stay Order, ECF No. 71.) Once the case was reopened, the Court set October 7, 2022, as the deadline for the parties to refile any motions that had been pending when the case was stayed. (Sched. Order, ECF No. 89.) That date came and went without Targus's renewing its motion to dismiss. In fact, Targus did not respond to the counterclaim at all until October 28, when it filed its answer. (Pl.'s Answer, ECF No. 109.) Without addressing the timeliness of its answer, Targus simply noted, within the pleading, that, "[n]ow that the case is reopened, Targus hereby answers Group III's Counterclaims." (*Id.* at 1.) It wasn't until a week and a half later, that Targus circled back to address the timing of its answer, filing what it captioned its "contingent" motion for an extension of time to answer the counterclaim. (Pl.'s Mot. for Ext. at 1.) Through that motion, Targus submits, on the one hand, that it believes its answer was actually timely filed, "under the unique procedural circumstances presented." (*Id.* at 2.) But, says Targus, at the same time, "in an abundance of caution," in the event the Court disagrees that the answer was timely, Targus seeks a retroactive extension, until October 28, to answer Group III's counterclaims. (*Id.*) In opposition, Group III argues, first, that Targus's answer was indeed untimely. (Def.'s Resp. to Mot. for Ext., ECF No. 121.) However, submits Group III, the untimeliness issue is nevertheless rendered moot by reason of Group III's amendment of its counterclaim, filed just hours after Targus moved for an extension of its answer deadline. (*Id.* at 2.)

   The Court has no difficulty agreeing with Group III that Targus's answer was filed beyond the deadline to do so. Ordinarily, under Federal Rule of Civil Procedure 12(a)(1)(B), which Targus repeatedly cites to, a "party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Fed. R. Civ. P. 12(a)(1)(B). This twenty-one day deadline is modified upon the filing of a motion to dismiss, under Rule 12, such that a "responsive pleading must be served within 14 days after notice" that the Court either denied the motion or postponed its disposition until trial—"[u]nless the court sets a different time." Fed. R. Civ. P. 12(a)(4)(A). Since Targus timely filed a motion to dismiss, its responsive pleading, without more, wasn't due until fourteen days after the Court denied the motion. The question then becomes when was that fourteen-day clock started: upon the reopening of this case, on September 13? Probably

not since, arguably, the Court's order denying the motion as moot could be construed as holding a decision on the motion in abeyance. Or, perhaps the fourteen-day clock started on October 7, the day Targus declined to renew its motion, resulting in a de facto denial of the initial motion. Under that theory, then, Targus's answer would have been due fourteen days after October 7, or on October 21. Or perhaps one could argue that since October 7 was the date set for Targus to renew its motion to dismiss, then that date would doubly serve as the response date, generally, for either a motion to dismiss or an answer. Regardless, what the Court finds *doesn't* make sense, is for Targus to unilaterally decide, without any real analysis, that October 7 somehow served as a proxy for service of the counterclaim, restarting its twenty-one-day deadline to respond to the claim. Ultimately, then, Targus has failed to convince the Court that the October 28 filing of its answer was timely.

Having determined that Targus's answer was indeed late, the question then becomes what to do about it. Targus asks for a retroactive extension of the deadline to answer. Group III, however, views Tagus's untimely filing as an invitation to amend its own counterclaim, thereby mooting the need for an extension of Targus's answer deadline. (Def.'s Resp. to Mot. for Ext., ECF No. 121, 2.) Failing that, Group III urges the Court to strike Targus's tardy answer, to punish Targus for its "disregard for the Rules of Procedure" and "its clear effort to thwart Group III's discovery of extremely relevant and material information in this litigation." (Def.'s Mot. to Am. at 4.)

As an initial matter, the Court takes Group III's contention, that Targus's answer should be struck, off the table. Without question, this would be an outsized reaction to a missed answer deadline—especially a deadline with contours that were arguably murky. Indeed, the Eleventh Circuit has expressed "a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). Group III's blanket opposition to Targus's request for permission, after the fact, to file its answer out of time, would ultimately result in the entry of a default against Targus. On this record, Group III presents no basis for such a draconian result for Targus, based on its attorney's failure to timely answer the counterclaim. Nor is Group III's reliance on Rule 6(b)(1)(B)'s "more rigorous" "excusable neglect" standard appropriate. *Id.* at 1338. Instead, Targus's request to file its answer out of time should be analyzed under "the more forgiving Rule 55(c) good cause" standard. *Id.* (finding the counter-defendant "entitled to have her motion to file an out-of-time answer to the counterclaim considered under the 'good cause' standard applicable to setting aside a default rather than under the 'more rigorous,' 'excusable neglect' standard"). While the Court in no way condones counsel's

out-of-time filing, the infraction here simply fails to warrant a default. *Id.* at 1339 ("We do not suggest that we excuse [the Plaintiff's] failure to file an answer to the counterclaim. Attorneys who practice in federal court are responsible for knowing the rules governing the practice.") And, certainly, based on the procedural posture of the case, there was room for confusion.

Accordingly, the Court grants Targus's motion for an extension of time, deeming its late answer timely and denies Group III's motion to the extent it calls for the Court to strike Targus's answer.[1] Targus is admonished to meet all future deadlines and is forewarned that its failure to do so going forward may warrant sanctions.

### 2. The Court strikes Group III's second amended disclosure of its invalidity contentions.

As Targus points out, the Court's amended scheduling order set October 21 as the deadline for Group III to serve Targus with its "narrowed invalidity contentions," in light of the Board's confirming forty of the challenged patent claims in this case. (Am. Sched. Order, ECF No. 89, 1.) Two weeks after that order was entered, Group III sought the Court's leave to amend or add to its invalidity contentions to include physical-product prior-art references. (Def.'s Mot. to Am. Contentions, ECF No. 96.) Finding Group III had failed to establish the diligence necessary to warrant amending its contentions, which it initially served on Targus in August 2020, the Court denied Group III's motion. (Order, ECF No. 105.) Instead, the Court afforded Group III a modest extension to submit its <u>narrowed</u> contentions, to reflect the issues precluded by the *inter partes* review. It does not appear that the invalidity contentions Group III served on Targus comply with the Court's directive.

Targus now asks the Court to strike the latest iteration of Group III's contentions. According to Targus, instead of simply submitting narrowed contentions, reflecting the resolution of issues determined through the *inter partes* review, Group III added to and otherwise amended its contentions. In response, Group III does not deny adding to or amending its contentions but instead complains Targus failed to acknowledge all the prior-art references and the lack-of-novelty basis it *did* remove. Group III also posits that some of what Targus describes as an expansion of Group III's claims are really just "Group III's organizational effort to explain the remaining contentions." (Def.'s Resp. to Pl.'s Mot. to Strike, ECF No. 133, 2.)

---

[1] For the reasons set forth below, the Court strikes Group III's amended counterclaim, thereby rendering moot Group III's contention that the timeliness of Targus's answer is no longer an issue.

The Court has already ruled that, to the extent Group III sought to amend its contentions, post *inter partes* review, it could file *narrowed* contentions only. The Court agrees with Targus that Group III appears to have attempted an end-run around that ruling with its second amended invalidity contentions. Accordingly, the Court **grants** Targus's motion to strike the amended contentions but affords Group III the opportunity to clarify the contentions it believes are still at issue, post *inter partes* review. To the extent Group III declines to avail itself of this opportunity, the Court will deem Group III to stand on its first amended invalidity contentions thereby representing to the Court that Group III believes, in good faith, that every single one of the previous contentions remains viable. If Group III believes some reorganization is necessary, based on the removal of any contentions, it may make only administrative or merely clerical changes to its presentation. To the extent Group III once again runs afoul of the Court's directive to narrow, and only narrow, its contentions, sanctions may be warranted. On or before **December 21, 2022**, Group III must serve either (1) its narrowed contentions or (2) a notice that it will stand on its first amended invalidity contentions.

### 3. The Court denies Group III's motion for leave to amend its counterclaim.

Simultaneous to Group III's filing what it captions its "first amended counterclaim" (ECF No. 114), Group III separately filed a motion for leave to amend its counterclaim (or, alternatively, to strike Targus's answer) (ECF No. 115). Group III describes its amendment as adding factual support to count three of its counterclaim, which alleges unenforceability due to inequitable conduct during patent prosecution. The new allegations Group III seeks to include in its counterclaim relate to what Group III describes as physical prior-art Targus products that Targus itself offered for sale, prior to its application for the '578 Patent. (Def.'s Mot. to Am. at 2.) In its motion, Group III argues, on the one hand, that it is entitled to file its amended counterclaim as a matter of course under Rule 15(a)(1)(B). (*Id.* at n. 1.) On the other hand, says Group III, if the Court disagrees, the Court should permit Group III to file its amended counterclaim, beyond the Court's July 20, 2020, deadline to amend the pleadings, because, despite its diligence, Group III was unable to comply with the Court's scheduling order because of what Group III describes as Targus's discovery violations. (*Id.* at 4–8, 11–15.) Targus opposes the amended counterclaim, pointing out, first, that Rule 15 does not provide for Group III to amend as a matter of course under the circumstances presented. (Pl.'s Resp. to Mot. to Am., ECF No. 135.) Second, says Targus, Group III has failed to set forth the good cause necessary to support deviating from the Court's

scheduling order, setting July 20, 2020, as the deadline to amend the pleadings. (*Id.* at 13–18.) Third, Targus complains that Group III's amended counterclaim is procedurally deficient because it was not filed as part of Group III's answer. (*Id.* at 12-13.) And, finally, Targus argues that, in any event, Group III's amendment is futile. (*Id.* at 18–25.) After careful review, the Court denies Group III's request to amend its counterclaim and, additionally, strikes the amended counterclaim that Group III filed in addition to its motion.

As an initial matter, the Court does not agree with Group III that Rule 15(a)(1)(B) supports filing the amended counterclaim as a matter of course. Under this rule, a party may amend its pleading "once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . *whichever is earlier.*" Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). Targus filed a Rule 12(b) motion on November 19, 2020. This triggered Group III's twenty-one-day window to amend once as a matter of course. The Court can find no binding legal authority that supports Group III's interpretation of Rule 15 that Targus's answer somehow restarts the twenty-one day clock, affording Group III yet another *one* chance to amend its pleading as a matter of course. Accordingly, the Court strikes Group III's unauthorized amended counterclaim (ECF No. 114).

Next, the Court turns to the parties' clashing diligence and good-cause arguments. Group III relies on what it characterizes as Targus's discovery violations which it says thwarted Group III's ability to ferret out relevant products that would lend support to Group III's unenforceability-due-to-inequitable-conduct theory, set forth in the third count of Group III's counterclaim. Group III complains that Targus's discovery responses were deceptive, sandbagging Group III into thinking certain prior-art products were nonexistent. As a starting point, based on the parties' irreconcilable briefing, setting forth each side's dissonant version of what transpired, the Court is unable to determine whether there was a discovery violation or not. But, putting that issue to the side, even if the Court were to agree with Group III—that Targus failed to comply with its discovery obligations—Group III's complaint about those infractions are untimely: the time to bring this discovery issue to the Court's attention has passed. That is, taking Group III at its word, that it "discovered Targus['s] deception" on September 29, 2022 (Def.'s Mot. to Am. at 14), the time for Group III to seek Court intervention about the violation passed by the time it filed its motion for leave to amend on November 8. *See* S.D. Fla. L.R. 26.1(g)(1) (Dec. 2021) (requiring a party to raise a discovery dispute to the Court within thirty days from the "date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials"). Furthermore, it is improper for Group III to

raise its discovery dispute, for the first time, intertwined with its request for leave to amend. Apart from those hurdles, the Court additionally finds Group III's decision to wait over a month, after discovering the alleged discovery violation and the relevant prior-art physical products, before raising the amendment issue with Targus, to evince a lack of diligence in and of itself. In sum, then, the Court finds Group III has failed to satisfy its burden of establishing the diligence, and therefore good cause, required to support a modification of the Court's scheduling order.[2]

As a final note, the Court points out that count three of Group III's original counterclaim remains viable. In the initial counterclaim, the only facts Group III specifically alleges, in support of count three, relate solely to Group III's allegations that Targus withheld relevant documents published by the Transportation Security Administration when it applied for the '578 Patent. But within this count, Group III couches its allegations, submitting that its unenforceability claim, based on inequitable conduct and unclean hands, is viable based on "at least" the TSA documents. (Def.'s Countercl. ¶¶ 22, 54, ECF No. 45.) This put Targus on notice that Group III believed other, unpleaded, facts could also support its claim. While referencing theoretical or as-yet-unknown facts alone, without any accompanying actual facts, would ordinarily fail to stand up to a motion to dismiss, Targus has answered the counterclaim, forgoing its opportunity to seek dismissal, and is aware of the theory under which Group III is traveling. On this record, then, the Court can discern no impediment to Group III's relying on the prior-art physical products it claims to have recently discovered in litigating count three, without amending its counterclaims.

### 4. Conclusion

For the reasons set forth above, the Court:

A. **grants** Targus's motion for a retroactive extension of time to answer Group III's counterclaim (**ECF No. 112**);

B. **grants, in part**, Targus's motion to strike Group III's second amended disclosure of invalidity contentions (**ECF No. 113**) but orders Group III, by **December 21, 2022**, to serve Targus with either (1) its narrowed contentions (consistent with the above) or (2) a notice that it will stand on its first amended invalidity contentions; and

---

[2] The Court's finding here moots Targus's arguments regarding the form of Group III's counterclaims and the futility of the amendments.

**C. denies** Group III's motion for leave to amend its counterclaim or strike Targus's answer (**ECF No. 115**) and **strikes** Group III's amended counterclaim (**ECF No. 114**).

**Done and ordered**, at Miami, Florida, on December 15, 2022.

_____
Robert N. Scola, Jr.
United States District Judge